IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MELISSA LOVETT**,
271 Westbrook Drive
Clifton Heights, PA 19018
*A Resident of Delaware County, PA*

Plaintiff;

Docket No.: 2:26-cv-6688

vs.

**COUNTY OF DELAWARE,**
201 West Front Street
Media, PA 19063
*A Pennsylvania Political Subdivision,*

Defendant.

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiff:
MELISSA LOVETT

Counsel of Record for this Party:
Steven Auerbach, Esquire, LL.M.
Law Office of Steven T. Auerbach
201 Meetinghouse Lane
Merion Station, PA 19066
Ph: (215) 964-4410
Fax: (215) 613-0890
Auerbach.Steven@gmail.com
Pa. I.D. #317309

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELISSA LOVETT, )
Plaintiff; )
) No.: 2:26-cv-6688
vs. )
)
COUNTY OF DELAWARE, )
Defendant. )

**I. COMPLAINT TO REMEDY & ENFORCE**
**THE EEOC'S FINDING OF UNLAWFUL PAY DISCRIMINATION**

Plaintiff, Melissa Lovett ("Ms. Lovett" or "Plaintiff"), by and through her undersigned counsel, the Law Office of Steven T. Auerbach, hereby files this Pay Discrimination Complaint against Defendant, the County of Delaware (the "County" or "Defendant") (collectively, the "Parties") seeking declaratory and equitable relief; economic, compensatory, and liquidated damages; and attorneys' fees and costs to redress Defendant's violations of civil rights as secured by the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (the "EPA"); the Pennsylvania Equal Pay Law, 43 PA. Cons. Stat. §336 *et seq* (the "EPL"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq* ("Title VII"); and by the Pennsylvania Human Relations Act, 43 PA. Cons. Stat. § 951 *et seq* (the "PHRA"), and in support thereof, avers the following:

**II. INTRODUCTION**

**Sex-Based Pay Discrimination**

1. Equal pay is not merely an abstract workplace principle. Compensation determines an employee's ability to support herself and her family, build savings, obtain housing and credit, plan for retirement, and receive fair recognition for the professional skill, judgment, responsibility, and effort she brings to her work. When an employer pays a woman less than similarly-situated male colleagues for substantially equal work, the resulting harm is both

immediate and cumulative: each unequal paycheck compounds the economic loss and communicates that the woman's work is valued less because of her sex.

2. Acknowledging this potential for harm, federal and state law, pursuant to the EPA, the EPL, Title VII, and the PHRA, provide important substantive and procedural protections to employees who are paid less than similarly situated employees of the opposite sex for substantially equal work.

3. Plaintiff's sex-based compensation-discrimination claims arise from Defendant's choice to pay Plaintiff less than similarly situated male employees performing similar work, and from Defendant's subsequent refusal to equalize Plaintiff's compensation despite her repeated protest that she was being paid less than male comparators for substantially equal work.

## III. PARTIES

4. Defendant County of Delaware is a political subdivision and local governmental entity organized under the laws of the Commonwealth of Pennsylvania.

5 Plaintiff Melissa Lovett is an adult female citizen of the United States and is a resident of Delaware County, Pennsylvania.

6. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the EPA, EPL, Title VII and the PHRA.

7. At all times relevant to this action, Defendant employed Plaintiff and exercised control over the terms, conditions, privileges, and compensation of her employment.

8. Defendant is engaged in industries affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

9. Defendant has and continues to employ over five hundred (500) employees in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

12. On September 6, 2024 Plaintiff filed a timely charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and directed the EEOC to cross-file her claim with the Pennsylvania Human Relations Commission ("PHRC").

13. On March 31, 2026, the EEOC issued a Determination finding that Defendant violated Title VII and EPA by paying Plaintiff lower wages than her similarly situated male counterparts despite performing work that requires equal skill, equal effort, and equal responsibility.

14. Plaintiff received her "Right to Sue" Notice from the EEOC on June 9, 2026.

15 Plaintiff commences this action within ninety (90) days of receipt of this Notice and after the expiration of the PHRC's one-year exclusive jurisdiction.

## V. JURISDICTION AND VENUE

16. This Court has original jurisdiction under Title VII (§ 706(f)(3)). This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1334 because this action arises under the laws of the United States and seeks redress for violations of federal laws and/or seeks to recover damages and to secure equitable relief under an act of Congress providing for the protection of civil rights.

17. Discretionary supplemental jurisdiction over Plaintiff's state law claims is provided by 28 U.S.C. § 1367(a). The state law claims form part of the same case or controversy and derive

from the same common nucleus of operative facts on which Plaintiff's federal claims are based. Furthermore, no reasons exist that would require this Honorable Court to decline jurisdiction. The state law claims do not raise novel or complex issues of state law, do not substantially predominate the claims over which this Honorable Court has original jurisdiction, and no exceptional circumstances exist that would constitute a compelling reason for declining jurisdiction, thereby satisfying 28 U.S.C. § 1367(c).

18. This Court may properly maintain personal jurisdiction over Defendant because their contacts with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction, complying with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S, 310 (1945), and its progeny.

19. Pursuant to Title VII (§ 706(f)(3)) and 28 U.S.C. §§ 1391(b)(2), venue is appropriate in the Eastern District of Pennsylvania as most if not all of the unlawful acts central to this matter occurred within Delaware County, Pennsylvania and the relevant employment records are or should be maintained in Delaware County, Pennsylvania.

## VI. FACTUAL ALLEGATIONS

20. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

21. On or about September 9, 2022, Defendant promoted Plaintiff to the position of Assistant Director of Labor Counsel at an annual salary of $100,000.

22. Plaintiff's Assistant Director of Labor Counsel position required substantially equal skill, effort, and responsibility and was performed under similar working conditions as the positions held by Defendant's Assistant Directors of Labor Relations.

23. Both of those positions were within Defendant's Human Resources Department and required employees to perform materially the same core functions, including conducting workplace investigations; advising Defendant concerning employee discipline and termination decisions; presiding in a quasi-adjudicative capacity over grievance hearings; and conducting due-diligence and participating in collective-bargaining negotiations.

24. Notwithstanding the substantially equal content of the positions, Defendant assigned Plaintiff a different title and paid her less than the male Assistant Directors of Labor Relations.

25. Plaintiff performed equal work requiring equal skill, effort, and responsibility under similar working conditions as the following male Assistant Directors of Labor Relations:

| **Name** | **Gender** | **Starting Rate** | **Starting Date** |
|---|---|---|---|
| Ms. Melissa Lovett | Female | $100,000 | 9/9/22 |
| | | | |
| Mr. Jamal Johnson | Male | $115,000 | 8/24/22 |
| Mr. Hector Figueroa | Male | $115,000 | 3/21/21 |
| Mr. Troy Horton | Male | $115,000 | 3/6/23 |

26. Plaintiff was similarly situated to Mr. Johnson, Mr. Figueroa, and Mr. Horton. Each held an Assistant Director position in Defendant's Human Resources Department and performed materially the same core functions as Plaintiff, including workplace investigations; advice regarding employee discipline and termination; quasi-adjudicative grievance-hearing duties; and collective-bargaining due-diligence and negotiations.

27. Defendant paid Mr. Johnson, Mr. Figueroa, and Mr. Horton a starting annual salary of $115,000, while paying Plaintiff a starting annual salary of $100,000 for substantially equal work.

28. On or about February 23, 2023, Plaintiff formally requested that Defendant equalize her compensation with that of the higher-paid male Assistant Directors of Labor Relations.

29. On or about May 2, 2023, Defendant denied Plaintiff's request to equalize her compensation.

30. On or about August 12, 2024, Defendant ignored Plaintiff's renewed request to equalize her compensation with that of her similarly situated male comparators.

31. Defendant's refusals to correct the pay disparity occurred despite Plaintiff's notice that she was being paid less than male employees for substantially equal work.

32. Defendant's continued refusal to pay Plaintiff on equal terms deprived her of wages and other compensation to which she was entitled and conveyed that her work was valued less than the substantially equal work performed by her male counterparts.

33. Defendant's ongoing refusal to remedy the sex-based pay disparity contributed to Plaintiff's decision to resign her employment on or about October 4, 2025.

34. At the time of Plaintiff's resignation, Defendant had failed and refused to equalize Plaintiff's compensation despite her requests and despite continuing to pay the male comparators at the higher rate.

35. The effect of this unlawful practice complained of above has been to deprive Plaintiff of equal opportunities and otherwise adversely affect her status as an employee because of her sex.

36. The unlawful employment practices complained of above were willful.

37. Defendant's actions have caused a loss of wage and otherwise detrimentally affected Plaintiff's mental health through anxiety, sleeplessness, headaches, and feelings of humiliation, and embarrassment.

38. These actions would detrimentally affect a reasonable person in like circumstances.

**COUNT I: LOVETT v. COUNTY OF DELAWARE**
**Title VII & PHRA- Disparate Treatment**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. By committing the foregoing acts of discrimination against Plaintiff, Defendant violated Title VII and the PHRA.

41. As a direct and proximate result of Defendant's violation of Title VII and the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

43. No previous application has been made for the relief requested herein.

**COUNT II: LOVETT v. COUNTY OF DELAWARE**
**EPA & EPL- Pay Discrimination**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the EPA and the EPL.

46. As a direct and proximate result of Defendant's violation of the EPA and the EPL, Plaintiff has suffered the damages and losses set forth herein and incurred attorney's fees and costs.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

48. No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the basis of sex and providing a system to monitor compliance;

b. Grant a permanent injunction enjoining Defendant from paying wages to employees of one sex at rates less than rates at which they pay employees of the opposite sex for substantially equal work, considering the skills, efforts, and responsibilities of the jobs performed under similar working conditions and providing a system to monitor compliance;

c. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices and providing a system to monitor compliance;

d. Order Defendant to pay appropriate back wages, in amounts to be determined at trial, and equal sum of liquidated damages, and prejudgment interest to Plaintiff, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

e. Award compensatory damages, pursuant to 42 U.S.C. § 1981a(b)(3), requiring Defendant to make Plaintiff whole for her past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; and to mold/apportion any verdict in excess of the applicable damage’s cap to a claim under the PHRA;

f. Grant an award of costs of suit, expert fees and other disbursements, along with reasonable attorneys’ fees;

g. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.[1] [2]

**LAW OFFICE OF STEVEN T. AUERBACH**

By: *_/s/ Steven Auerbach_*_______________
Steven Auerbach, Esquire, LL.M.
201 Meeting House Lane
Merion Station, PA 19066
(215) 964-4410
Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: September 4, 2026

---

[1] Pursuant to L. Fed. R. Civ. P. 53.2(3)(A), this matter is excluded from compulsory arbitration as jurisdiction is based in whole or in part on 28 U.S.C. §1343.

[2] Plaintiff's right to trial by jury on her Title VII (disparate treatment) claims is guaranteed by 42 U.S.C. § 1981a(c). Plaintiff's right to trial by jury on her PHRA claims is guaranteed by the Seventh Amendment of the United States Constitution. *See Graham v. Tolzis Communications, Inc., et al.*, PICS No. 98-6269 (E.D. Pa 2000).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA LOVETT,<br>Plaintiff;<br><br>vs.<br><br>COUNTY OF DELAWARE,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | No.: 2:26-cv-6688 |

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF**
**IN AN EQUAL PAY ACT ACTION**

Pursuant to Section 216(b) of the Equal Pay Act, I consent to the filing and prosecution of this action in my name and on behalf of all persons similarly situated to myself.

_9/4/26____________
Date

_/s/ *Melissa Lovett (original signature on file)*
Signature

_Melissa Lovett_________________________
Name (Please print your name legibly)